MARION LEES *v.* MIDDLESEX INSURANCE COMPANY
(14153)

PETERS, C. J., SHEA, CALLAHAN, BORDEN and F. X. HENNESSY, JS.

Argued April 30—decision released July 23, 1991

*John T. Bochanis,* with whom, on the brief, was *Thomas J. Weihing,* for the appellant (plaintiff).

*John B. Farley,* with whom, on the brief, were *John W. Lemega* and *Daniel P. Scapellati,* for the appellee (defendant).

BORDEN, J. The certified issue in this appeal is whether the Appellate Court correctly concluded that the claims of the plaintiff, Marion Lees, under the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes (Rev. to 1981) § 38-60 et seq.[1]; and the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.[2]; are barred by the one

---

[1] "[General Statutes (Rev. to 1981)] Sec. 38-60. UNFAIR PRACTICE PROHIBITED. No person shall engage in this state in any trade practice which is defined in section 38-61 as, or determined pursuant to sections 38-62 and 38-63 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, nor shall any domestic insurance company engage outside of this state in any act or practice defined in subsections (1) to (12), inclusive, of section 38-61. The commissioner shall have power to examine the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by sections 38-60 to 38-64, inclusive. When used in said sections, 'person' means any individual, corporation, association, partnership, reciprocal exchange, interinsurer, Lloyd's insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers and adjusters."

Section 38-60 has been renumbered, effective January, 1991, and now is found at General Statutes § 38a-815.

General Statutes (Rev. to 1981) § 38-61 provides in relevant parts: "The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance . . .

"(6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following . . . (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies . . . (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed . . . (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear . . . (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement . . . ."

Section 38-61 has been renumbered, effective January, 1991, and now is found at General Statutes § 38a-816.

[2] "[General Statutes] Sec. 42-110b. UNFAIR TRADE PRACTICES PROHIBITED. LEGISLATIVE INTENT. (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

year limit of General Statutes (Rev. to 1981) § 38-98[3] for a suit on a fire insurance policy. We conclude that the plaintiff's claims are not barred and accordingly reverse the decision of the Appellate Court.

The plaintiff brought this action against the defendant, Middlesex Insurance Company, for alleged violations of CUIPA and CUTPA and for breach of contract. The defendant moved to strike the plaintiff's CUIPA and CUTPA claims. The trial court, *Berdon, J.,* denied the motion.[4] The defendant next moved for summary judgment alleging that the plaintiff's suit was barred by the one year suit limitation provision in the insurance contract.[5] The trial court, *Thompson, J.,* granted

"(b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5 (a) (1) of the Federal Trade Commission Act [15 U.S.C. § 45 (a) (1)], as from time to time amended.

"(c) The Commissioner may, in accordance with chapter 54, establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive in violation of subsection (a) of this section. Such regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of the Federal Trade Commission Act.

"(d) It is the intention of the legislature that this chapter be remedial and be so construed."

[3] General Statutes (Rev. to 1981) § 38-98 provides in relevant part: "The standard form of fire insurance policy of the state of Connecticut . . . shall be as follows . . .

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Section 38-98 has been renumbered, effective January, 1991, and now is found at General Statutes § 38a-307.

[4] The defendant moved for special permission, pursuant to Practice Book § 4140, for this court to review the trial court's decision on the motion to strike. We denied the motion. See footnote 13, infra.

[5] The insurance policy one year suit limitation provision provides:

"Suits Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage."

the defendant's motion for summary judgment. The plaintiff appealed to the Appellate Court, which affirmed the trial court decision. *Lees* v. *Middlesex Ins. Co.*, 23 Conn. App. 814, 581 A.2d 287 (1990). We granted the plaintiff's petition for certification to appeal limited to the above stated issue.

The trial court found the following facts for purposes of the summary judgment. On May 9, 1982, a fire destroyed the home of the plaintiff. At the time of the loss, the plaintiff's home was insured by the defendant. On August 9, 1982, the plaintiff filed two proof of loss statements with the defendant, one for loss of the dwelling and the other for loss of the contents of the dwelling. By letter dated August 16, 1982, the defendant rejected both proofs of loss as being "excessive and premature." On November 1, 1982, the defendant paid the plaintiff's claim for loss of the dwelling but, without explanation, made no payment on the claim for loss of the contents. There was no further communication between the parties until August 23, 1983, when the plaintiff made a written inquiry requesting an explanation for the denial of her loss of contents claim.

On August 16, 1985, the plaintiff instituted this suit by way of a three count complaint alleging that the defendant had: (1) breached the insurance contract; (2) engaged in unfair insurance practices in violation

---

The one year suit limitation provision is statutorily required to be incorporated into every fire insurance policy. See General Statutes (Rev. to 1981) § 38-99; see also *State* v. *Biller,* 190 Conn. 594, 611, 462 A.2d 987 (1983). The language in the insurance policy's one year limitation is not identical to that of General Statutes (Rev. to 1981) § 38-98. See footnote 3, supra. The words "on this policy" are not included in the insurance policy provision. When a private contract of insurance conflicts with a statute, however, it must give way to the latter. *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 399, 446 A.2d 1059 (1982). Therefore, we focus on the language contained in the statutory suit limitation of § 38-98.

of CUIPA; see footnote 1, supra; and (3) engaged in unfair trade practices in violation of CUTPA. See footnote 2, supra. The defendant moved for summary judgment alleging that the one year suit limitation provision in the insurance contract barred the plaintiff's suit.

The trial court rendered summary judgment in favor of the defendant on all three counts.[6] With respect to the second and third counts, the court held that "since the CUIPA and CUTPA claims necessarily arise from the relationship between the parties created by the insurance contract, they, too, are subject to the policy provision requiring the institution of suit within one year [as a matter of law]." The Appellate Court affirmed the judgment of the trial court. *Lees* v. *Middlesex Ins. Co.*, supra.

The plaintiff claims that the trial court was incorrect as a matter of law in granting summary judgment on the second and third counts because the CUIPA and CUTPA claims alleged in those counts are not actions "on this policy" but are independent statutory tort actions and, therefore, the one year suit limitation provision in § 38-98 does not apply. The defendant claims that: (1) the trial court was correct in granting summary judgment because all claims by an insured against an insurer, regardless of their nature, are governed by the one year suit limitation provision of § 38-98; and (2) even if the plaintiff's CUIPA and CUTPA claims are not governed by the one year suit limitation of § 38-98, that limitation nevertheless controls unless the plaintiff has advanced a viable CUIPA or CUTPA

---

[6] Concerning the plaintiff's breach of contract count, the trial court held that the defendant was not estopped from asserting the one year limitation provision as a defense and, therefore, dismissed the breach of contract claim as being barred by that provision. The Appellate Court affirmed. On appeal, the plaintiff does not dispute the conclusion that her breach of contract claim is barred by General Statutes (Rev. to 1981) § 38-98.

claim. We agree with the plaintiff that her CUIPA and CUTPA claims are not subject to the one year suit limitation of § 38-98.

I

The standard for appellate review of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Zichichi* v. *Middlesex Memorial Hospital,* 204 Conn. 399, 402, 528 A.2d 805 (1987); see also *Gurliacci* v. *Mayer,* 218 Conn. 531, 562, 590 A.2d 914 (1991). The issue, therefore, is whether the Appellate Court properly determined that judgment for the defendant was required as a matter of law because the plaintiff's CUIPA and CUTPA claims were barred by the one year suit limitation of § 38-98 for a suit on the policy.

Construction of a statute is a question of law for the court. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). In every case involving the construction of a statute, our starting point must be the language employed by the legislature. *King* v. *Board of Education,* 203 Conn. 324, 332, 524 A.2d 1131 (1987). Section 38-98 requires the standard fire insurance policy form to contain the following provision: "No suit or action *on this policy* for the recovery of any claim shall be sustainable . . . unless commenced within twelve months next after inception of the loss." (Emphasis added.) To determine whether the plaintiff's CUIPA and CUTPA claims are governed by the one year limi-

tation of § 38-98, we must first determine if the plaintiff's CUIPA and CUTPA claims are actions "on this policy" as required by the statute. We conclude that they are not.

The plaintiff claims that her CUIPA and CUTPA claims are not actions "on [the] policy." The plaintiff contends that if § 38-98 were interpreted to include all suits against the insurer, the words "on this policy" would be superfluous. By contrast, the defendant's claim is essentially that § 38-98 should be interpreted to provide that *any* cause of action brought by an insured against her insurer is governed by the one year suit limitation in the statute. In support of its claim, the defendant relies on a line of cases that have held that any form of action, including tort actions, growing out of the contractual relationship, constitutes an action on the policy and, therefore, is governed by the limitation provision in the insurance contract.[7] See

[7] The plaintiff and the defendant note in their briefs that there is a split of authority with respect to whether an action brought by an insured against the insurer alleging a common law tort, such as negligence, fraud or bad faith, is governed by the limitation provision in the insurance policy for actions on the policy or by a tort statute of limitations. Compare *Hearn* v. *Rickenbacker*, 428 Mich. 32, 400 N.W.2d 90 (1987) (plaintiff's fraud claim against insurer not action on policy and, therefore, not governed by one year limitation in insurance policy); *Plant* v. *Illinois Employers Ins. of Wausau*, 20 Ohio App. 3d 236, 485 N.E.2d 773 (1984) (plaintiff's bad faith claim against insurer based on duty imposed by law, not contract and not governed by one year suit limitation in insurance policy); *Lewis* v. *Farmers Ins. Co.*, 681 P.2d 67 (Okla. 1983) (plaintiff's bad faith claim governed by tort statute of limitations); *Warmka* v. *Hartland Cicero Mutual Ins. Co.*, 136 Wis. 2d 31, 400 N.W.2d 923 (1987) (plaintiff's bad faith claim based on tort and governed by tort statute of limitations); with *Barrow Development Co.* v. *Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969) (negligence claim against insurer governed by one year suit limitation in policy); *Modern Carpet Industries, Inc.* v. *Factory Ins. Assn.*, 125 Ga. App. 150, 186 S.E.2d 586 (1971) (regardless of form of action, if source of right claimed has evolved from insurance policy, one year limitation in policy applies); *Zehner* v. *MFA Ins. Co.*, 451 N.E.2d 65 (Ind. App. 1983) (plaintiff's tort action against insurer governed by one year limitation in the policy).

*Barrow Development Co.* v. *Fulton Ins. Co.,* 418 F.2d 316 (9th Cir. 1969); *Hawley Enterprises, Inc.* v. *Reliance Ins. Co.,* 621 F. Sup. 190 (D. Conn. 1985); *Zieba* v. *Middlesex Mutual Assurance Co.,* 549 F. Sup. 1318 (D. Conn. 1982);[8] *Modern Carpet Industries, Inc.* v. *Factory Ins. Assn.,* 125 Ga. App. 150, 186 S.E.2d 586 (1971); *Zehner* v. *MFA Ins. Co.,* 451 N.E.2d 65 (Ind. App. 1983).

In the construction of a statute, no word should be treated as superfluous or insignificant. *O'Brien Properties, Inc.* v. *Rodriguez,* 215 Conn. 367, 372–73, 576 A.2d 469 (1990). The statute states only that an action "on this policy" must be brought within one year. The defendant's interpretation of the statute, however, would in effect broaden the language to provide that *any* suit or action against an insurer must be brought within one year. Such an interpretation would render the words "on this policy" superfluous because all actions between the respective parties, whether "on [the] policy" or not, would be subject to the one year limitation provision. Had the legislature intended all actions between an insurer and an insured to be subject to the one year provision it could have explicitly so provided. We ordinarily decline to read into statutes provisions not clearly stated; *Local 218 Steam Fitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.,* 207 Conn. 639, 645, 541 A.2d 869 (1988); and we see no compelling reason to do so in this case.

---

[8] In support of its claim, the defendant places special emphasis upon two decisions of the United States District Court for the District of Connecticut. *Hawley Enterprises, Inc.* v. *Reliance Ins. Co.,* 621 F. Sup. 190 (D. Conn. 1985) (plaintiff's CUIPA claim barred by one year limitation in policy); *Zieba* v. *Middlesex Mutual Assurance Co.,* 549 F. Sup. 1318 (D. Conn. 1982) (alleged tortious conduct of insurer arises out of its obligations under contract and, therefore, plaintiff's bad faith claim governed by one year limitation in insurance policy). We note, however, that we need not defer to the District Court's decisions on issues of Connecticut law. *Rego* v. *Connecticut Ins. Placement Facility,* 219 Conn. 339, 350, 593 A.2d 491 (1991).

Furthermore, the phrase "on this policy" strongly suggests that it was not intended to encompass CUIPA and CUTPA claims because that phrase and those claims ordinarily involve different factual inquiries, and because the duties ordinarily associated with them derive from different sources. In an action on an insurance policy, the conduct giving rise to the insurer's liability is a failure to pay out the policy proceeds when the insurer is contractually bound to do so. The factual inquiry focuses on the nature of the loss, the coverage of the policy and whether the parties have complied with all of the terms of the policy. In a CUIPA and CUTPA claim, however, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. Furthermore, in an action "on [the] policy," the insurer's duty to comply with the policy provisions stems from the private insurance agreement and is contractual in nature. In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute.

We note further that General Statutes § 42-110g (f)[9] provides for a three year statute of limitations for bringing a CUTPA claim. If we were to adopt the defendant's position that a CUTPA claim is governed by the one year provision in § 38-98, it would render the statute of limitations prescribed in § 42-110g (f) meaningless, as applied to claims based upon improper practices of insurers. We presume, however, that the legislature intended §§ 38-98 and 42-110g (f) to be harmonious with each other and we therefore " 'construe

---

[9] General Statutes § 42-110g (f) provides: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."

each to leave room for meaningful operation of the other.' " *Milford* v. *Local 1566,* 200 Conn. 91, 100, 510 A.2d 177 (1986). Thus, we interpret the statute of limitations in § 42-110g (f) to operate independently of that prescribed in § 38-98.

Furthermore, although the legislature has not expressly provided a specific statute of limitation provision for CUIPA claims, it would be anomalous to apply the § 38-98 limitations period to CUIPA claims since we have held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations. *Mead* v. *Burns,* 199 Conn. 651, 665–66, 509 A.2d 11 (1986). This linkage counsels strongly against reading a CUIPA claim as an action "on [the] policy" under § 38-98.

Finally, pursuant to § 42-110g (a) and (d)[10] the court may award punitive damages and reasonable attorneys' fees for a violation of CUTPA. These are damages that could be awarded even if the plaintiff's principal damages were proven to be only the amount of her loss covered by the policy. This further supports the conclusion that a CUTPA violation gives rise to a separate cause of action and is not governed by the limitations period provided in § 38-98.

Our conclusion is not inconsistent with *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.,* 217 Conn. 340, 354–55, 586 A.2d 567 (1991), in which we recently addressed

---

[10] General Statutes § 42-110g (a) and (d) provide in pertinent part: "ACTION FOR DAMAGES. CLASS ACTIONS. COSTS AND FEES. EQUITABLE RELIEF. (a) . . . . The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper. . . .

"(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ."

the argument that an insurer's equitable claim to contribution was not one that rested "on the policy." In that case, two insurance companies had provided fire insurance coverage to the insured. When the insured's place of business was damaged in a fire, one insurance company paid the entire claim while the remaining company refused to pay. The company that paid the claim eventually brought a subrogation action against the nonpaying company, in which it sought reimbursement of one half of the amount it had paid to the insured. Because that action had been brought more than one year after the fire loss, we held that it was barred by § 38-98.

The insurer seeking reimbursement argued, however, that it had an independent, equitable right to contribution that did not rest "on [the] policy" and, therefore, was not barred by § 38-98. Without deciding that question, we noted "that the policy of swift settlement of claims promoted by the one year suit provision in § 38-98 would be undermined if insurers who failed to bring a timely subrogation claim could simply bypass the one year suit requirement . . . by also alleging an independent contribution claim . . . ." *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.*, supra, 355.

Our discussion in *Hanover Ins. Co.* rested on the understanding that in nearly every circumstance where an insurer had a subrogation claim against another insurer, it could also assert a parallel right to contribution. CUTPA and CUIPA claims, however, do not pose the same problem. Such claims, as we noted earlier, generally involve different factual inquiries than do breach of contract claims. Thus, there is a substantially reduced likelihood that a party asserting an untimely breach of contract claim would readily be able to circumvent the one year suit provision by alleging a CUTPA or CUIPA claim.

## II

The defendant next claims that even if CUIPA and CUTPA claims are not actions on the policy, we should adopt the position that the one year suit limitation provision controls unless the insured has advanced a viable CUIPA and CUTPA claim. The defendant argues that if the plaintiff's CUIPA and CUTPA claims are essentially a pretextual attempt to recover the policy proceeds, the claims should be governed by the one year suit limitation provision.[11] The defendant asserts that this rule applies here because the plaintiff has not alleged any misconduct on the defendant's part after the loss other than those acts relating to the denial of the claim.[12] We reject this view.

The trial court, by denying the defendant's motion to strike the plaintiff's CUIPA and CUTPA claims, determined that the plaintiff had alleged valid CUIPA and CUTPA violations. If the plaintiff ultimately prevails on her CUIPA or CUTPA claim, the defendant may then appeal and secure appellate review of the trial court's decision on the motion to strike. If the plain-

[11] This view has been adopted by at least one California appellate court. See *Abari* v. *State Farm & Casualty Co.*, 205 Cal. App. 3d 530, 252 Cal. Rptr. 565 (2d Dist. 1988) (plaintiff's bad faith and unfair practice claims barred by one year suit limitation for actions on policy because they are a "transparent attempt to recover on the policy"); *Lawrence* v. *Western Mutual Ins. Co.*, 204 Cal. App. 3d 565, 251 Cal. Rptr. 319 (2d Dist. 1988) (if allegation of tortious bad faith relates to claim on underlying policy rather than to conduct or event subsequent to loss, action is on the policy).

[12] Contrary to the defendant's assertion, however, the plaintiff has alleged acts of misconduct by the defendant occurring after the loss that are unrelated to the policy proceeds. Specifically, the plaintiff has alleged that the defendant failed to deny or confirm coverage of her claim within a reasonable time after the proof of loss statements were completed in violation of General Statutes (Rev. to 1981) § 38-61 (6) (e). The plaintiff has also alleged that the defendant failed to provide any explanation as to why the defendant denied the plaintiff's claim in violation of § 38-61 (6) (n).

tiff proves that the defendant's conduct violated CUIPA, CUTPA, or both, we see no reason to deny relief simply because § 38-98 would bar an action on the insurance policy. To accept the defendant's argument would be inconsistent with the recognition of CUIPA and CUTPA claims as independent actions based on factual inquiries and sources of duty separate from actions on the policy.[13]

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

---

[13] The defendant attempts to raise an alternative ground on which to affirm the Appellate Court's decision. It claims that, because the trial court determined that the plaintiff was unable to establish the existence of an issue of material fact with respect to a claim of estoppel that the plaintiff raised in response to the motion for summary judgment, the plaintiff likewise has failed to establish the existence of an issue of material fact with respect to her CUIPA and CUTPA claims. We decline to consider this claim.

The defendant is essentially asking us to determine whether the plaintiff has alleged valid CUIPA and CUTPA claims. As previously noted; see footnote 4, supra; we declined to consider in this appeal whether the trial court was correct in concluding that the plaintiff's CUIPA and CUTPA counts alleged valid causes of action.