The plaintiff, Michael Korik, seeks damages for injuries that he sustained and for personal property that was destroyed during the a fire in his apartment. The plaintiff sued Park Royal of vices, Bridgeport Condominium Association ("Park Royal"), the owner of building, in count one and Levy-Leventhal-Nettleton Realty Services, Inc. ("Levy-Leventhal"), the managing agent, in count two.
In count one of his revised complaint the plaintiff alleges the following facts. He leased an apartment from Park Royal at 2600 Park Avenue in Bridgeport. He was employed by Levy-Leventhal as the building superintendent. On July 19, 1987, a fire broke out in his apartment, and he suffered various injuries as a result.
The plaintiff alleges that Park Royal was negligent in that: it failed to install smoke alarms, smoke detectors and fire extinguishers; "[d]espite complaints to Park Royal, the defendant refused to place such premises into reasonably safe and habitable condition;" and Park Royal, despite complaints, failed to install smoke detectors.
Park Royal moves for summary judgment on the complaint as to it and has filed a memorandum of law, affidavits and exhibits. The plaintiff filed an opposing memorandum of law and an affidavit.
"`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987)." Lees v. Middlesex Ins. CT Page 5635 Co., 219 Conn. 644, 650, 594 A.2d 952 (1991).
In support of summary judgment the defendant argues that it had no statutory or common law duty to provide to the plaintiff any fire prevention equipment or to place any equipment in the building itself. The defendant argues that the laws in existence on the date of the fire did not require smoke detectors in its building because no building permit pertaining to the building was issued on or after October 1, 1976. The defendant's evidence includes an affidavit by the building manager, who attests that building records reveal that no building permit was issued between October 1, 1976 through August, 1987. The defendant contends that summary judgment should enter because it cannot be found negligent as a matter of law. The plaintiff argues that the defendant owed him a duty and that negligence issues are inappropriate for summary judgment.
"Negligence is a breach of duty . . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks and citations omitted.) Petriello v. Kalman, 215 Conn. 377, 382-83,576 A.2d 474 (1990). The revised complaint sets forth purported duties owed by the defendant pursuant to General Statutes 29-292,[1]
which requires smoke detectors in certain situations, the state fire safety code 19-3.4.4.1, and the common law.
I. GENERAL STATUTES 29-292
As it existed on July 19, 1987, the date of the fire in the plaintiff's apartment, General Statutes 29-292 required that the state fire safety code include a regulation mandating that smoke detection and warning equipment be provided to multifamily residential buildings for which a building permit was issued on or after October 1, 1976. The relevant portion of the applicable version of29-292 merely authorizes the state fire marshall and the codes and standards committee to promulgate regulations setting forth the responsibilities of building owners. For this reason, 29-292
does not impose a duty itself.
Nevertheless, even if 29-292 did impose a duty, that duty did not exist for buildings for which no building permit was issued after October 1, 1976. The plaintiff has not submitted any evidence to counter the defendant's evidence that no building permits were issued after October 1, 1976 and through August, 1987.
The plaintiff points out that 29-292 was amended byPublic Act 87-2, which deleted the building permit and October 1, 1976 date limitation, thereby requiring all multifamily residential buildings to be included in the mandatory smoke detector regulation. CT Page 5636 The legislature approved Public Act 87-2 on July 22, 1987 and deemed it effective as of that date. The legislature apparently was reacting to the decision in State v. White, 204 Conn. 410, 418,528 A.2d 811 (1987), which was released on July 14, 1987 and which held invalid a state fire safety code regulation that extended the smoke detector requirement to buildings not encompassed by the statute. Public Act 87-2 became effective three days after the fire in the plaintiff's apartment and, therefore, does not apply to the plaintiff's cause of action.
II. STATE FIRE SAFETY CODE
In State v. White,[2] supra, the court held that a fire code regulation could not exceed the scope of authority conferred by its enabling legislation. The court invalidated a regulation containing no building permit date limitation and requiring smoke detectors in single-family dwellings, inter alia. State v. White, supra, 420.
 Section 29-292 . . . directed that the code provide regulations for smoke detectors in buildings designed for two or more families for which a building permit has been issued on or after October 1, 1976. To the extent that fire safety code 11-1.8.1 regulates beyond that legislative mandate, it exceeds the scope of its statutory authority.
Id., 425.
No fire safety code regulation could have imposed a duty upon the defendant that was not authorized by the enabling legislation. Because the defendant's uncontested evidence establishes that it did not receive a building permit after October 1, 1976 through August, 1987, defendant owed no duty to the plaintiff to install fire detection equipment pursuant to the fire safety code.
III. COMMON LAW
 While a landlord has a duty to use reasonable care to keep those parts of his building under his control in a reasonably safe condition . . . we find no duty imposed at common law requiring the landlord or owner of a building to install smoke detectors. `At common law, an owner has in general no duty to provide his building with any sort of firefighting equipment or warning system and so cannot be held liable for failing to do so.' (Emphasis in original.) Fireman's Fund American Ins. Co. v. Almacenes Miramar, Inc., 649 F.2d 21, 25 (1st. Cir. 1981."
State v. White, supra, 427-28.
Nevertheless, the plaintiff argues that its complaint alleges the defendant's failure to install smoke detection equipment despite CT Page 5637 repeated demands, and that, therefore, the defendant should have been on notice of the "problem" or "defect." The plaintiff does not allege any defect about which the defendant had notice except the lack of smoke detection equipment.
Absent allegations or evidence of specific problems relating to the lack of smoke detection equipment prior to the fire, the plaintiff has not established a basis for holding the defendant liable because no common law duty to provide such equipment exists.
No statutory or common law duty existed on the date of the fire in the plaintiff's apartment making the defendant liable for the plaintiff's injuries and losses. Defendant Park Royal's motion for summary judgment is granted.