[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diane Scarpone, filed the original two-count complaint on July 20, 1989, seeking to recover for the alleged negligence of the defendants, Dr. Charles Needham ("Needham") and Dr. Theerayut Chumnanvech ("Chumnanvech"), in providing medical care and treatment to the plaintiff. The first count of the plaintiff's complaint alleges a medical malpractice claim against Needham. The second count alleges a medical malpractice claim against Chumnanvech.
The plaintiff alleges that Needham injured her right subclavian artery during a surgical procedure he performed on CT Page 9356 July 10, 1987. The allegations of negligence against Chumnanvech stem from his assistance during the operation and his post-operative treatment and care, including his alleged failure to timely order the performance of an arteriogram.
Chumnanvech filed his answer on January 26, 1990. On August 28, 1992, Chumnanvech filed a motion for summary judgment, along with a memorandum of law, an affidavit, and excerpts from the deposition of the plaintiff's expert witness.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). "The genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts or substantial evidence outside the pleadings, from which the material facts in the pleadings can warrantably be inferred." (Citations omitted). Sheridan v. Board of Education, 20 Conn, App. 231, 239, 556 A.2d 882 (1989). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985).
In support of his motion for summary judgment, Chumnanvech argues that the deposition of the plaintiff's expert, Dr. Tyras, offers no testimony that Chumnanvech violated the standard of care, or that any of Chumnanvech's actions proximately caused the plaintiff's injuries. The plaintiff did not file a memorandum in opposition, nor did she file any affidavits or other documentary proof.
Proximate cause is ordinarily a question of fact. (Citation omitted). Mather v. Griffin Hospital, 207 Conn. 125, 130,540 A.2d 666 (1988). "Establishment of the causal relationship between a defendant's actions or failure to act and a plaintiff's injuries requires a showing that the action or omission must have been a substantial factor in producing those injuries." (Citations omitted). Id. "In a medical malpractice action, expert testimony is required to establish the standard of professional care to which the defendant is held; . . . and that the defendant failed to conform to that standard of care." (Citations omitted). Id. 130-31. CT Page 9357
Even though the plaintiff fails to controvert Chumnanvech's evidence submitted in support of his motion for summary judgment, the extracts of the plaintiff's expert's deposition on which Chumnanvech relies fail to elicit or discuss the applicable standard of care. The deposition also fails to discuss the issue of whether Dr. Chumnanvech conformed to that standard of care.
The court finds that based on the submissions, Chumnanvech has failed to carry his evidentiary burden as to the nonexistence of any material issue of fact concerning Chumnanvech's alleged malpractice. The motion for summary judgment is denied.
BALLEN, JUDGE