[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 166)
Plaintiff claims that her automobile was damaged by a hit and run driver while it was insured by defendant. Plaintiff has moved for summary judgment as to liability on the first count of her amended complaint dated January 27, 1989. That count contains five paragraphs, the first three of which are admitted. The fourth paragraph alleges the hit and run incident and is supported by plaintiff's affidavit. Defendant filed no counter documents regarding the incident. Only paragraph five is denied and supported by documents opposing the motion for CT Page 1000 summary judgment.
Paragraph five alleges that the insurance contract was in force on the date of the accident. Defendant denies this allegation relying on a claim of proper notice of cancellation. The issue of whether or not the claimed cancellation was effective is squarely presented by the pleadings.
Practice Book 384 provides that summary judgment
 "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
See Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402
(1987); Lees v. Middlesex Ins. Co., 219 Conn. 644, 650 (1991).
Plaintiff argues for summary judgment under a theory of collateral estoppel. In Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 286 (1991), the court said: "Collateral estoppel prohibits relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action."
Plaintiff cites Hernandez v. Hartford Accident 
Indemnity Co., CV88 0277868S, Connecticut Superior Court, New Haven J.D., February 27, 1990 (Hodgson, J.), as the case in which the issues presented by the first count of her complaint were fully litigated by defendant and decided against it.
In Hernandez defendant claimed that it had effectively cancelled its policy with the plaintiff-insured and properly notified her under then Connecticut General Statutes 38-175h(a)[1] which provided that:
 No notice of cancellation of policy. . .may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation, provided where cancellation is CT Page 1001 for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy which has been in effect for less than sixty days may be effective unless mailed or delivered by the insurer at least forty-five days before the effective date of cancellation, provided that at least ten days' notice shall be given where cancellation is for nonpayment of premium or material misrepresentation. The notice of cancellation shall state or be accompanied by a statement specifying the reason for such cancellation.
Judge Hodgson ruled that defendant Hartford had not proven its claim that it notified plaintiff of cancellation of the insurance policy by a certificate of mailing. The opinion states at page four that "Hartford's proof of mailing by any of the three forms of mail indicated in the statute was not, however, sufficient. . . ." The opinion goes on to state at page five:
 At most, Hartford has shown it prepared a listing of documents it intended to mail and for which it intended to obtain certificate of mailing, however, it has shown no more than preparation of the document, and not actual mailing of the cancellation notice by a statutorily approved method. . . . Hartford has failed to supply the necessary prerequisites for its argument that mailing, not receipt, is all that is required by the statute. [Emphasis supplied.]
Plaintiff in the instant case argues that the "form" (certificate of mailing) used by defendant Hartford in Hernandez and here was ruled "invalid" by Judge Hodgson. The claim is flawed. In Hernandez the court found a failure of proof of any mailing and that Hartford had not proven that it had obtained a certificate of mailing at all. In the instant case there is a document purporting to be a certificate of mailing supported by an affidavit. One of the reasons cited by Judge Hodgson for Hartford's failure of proof in Hernandez was that that CT Page 1002 certificate showed only one postmark with no evidence that it was a United States mailing postmark as opposed to Hartford's postage meter mark. Here, there are two postmarks, one of which purports to be a United States mail postmark and a supporting affidavit to that effect. This presents a genuine issue as to a material fact (actual mailing of the cancellation notice) which was not litigated before Judge Hodgson and is sufficient to defeat a motion for summary judgment.
Plaintiff argues that, even if defendant proves proper mailing, proof of receipt of the notice is required under Hernandez. There is no such proof here. The only document on that issue is plaintiff's affidavit that she did not receive notice of the cancellation.
Plaintiff correctly points out at page six of her memorandum that, for collateral estoppel to apply, the finding on that particular issue must have been necessary for the decision. Aetna Casualty Surety Co. v. Jones, supra.
The court agrees with defendant that Judge Hodgson's ruling as to the need for actual notice where a certificate of mailing is used is dicta. The ruling regarding proof of receipt was unnecessary in view of Judge Hodgson's finding that Hartford never proved any mailing. This dicta was not necessary to the ruling and cannot be a basis for collateral estoppel.
The motion for summary judgment is denied.
E. EUGENE SPEAR, JUDGE