[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT CT Page 565
This action is the defendant's, Mercedes-Benz of North America, Inc. (hereinafter "Mercedes"), motion for summary judgment on counts three, four, nine and ten of the plaintiffs' complaint. The plaintiffs consist of four individuals (hereinafter the "individual plaintiffs") and the individual plaintiffs' corporate identity, Trans-Oceanic Motors Ltd. (hereinafter "Trans-Oceanic").
FACTS
On or about October 24, 1989, two of the individual plaintiffs, John P. Lanza and Michael A. Rakosky entered into a written buy/sell agreement to acquire the assets of a Mercedes-Benz automobile dealership owned by T.N.M. Lathrop, Inc. (hereinafter "Lathrop") under a franchise contract with Mercedes. Lanza and Rakosky entered into this agreement as trustees for themselves and two other individual plaintiffs, Michael D. Smith and Stanley Cardinal. The individual plaintiffs' rights were transferred to their corporate nominee, Trans-Oceanic. The agreement was contingent upon Mercedes' approval of the plaintiffs' application for the franchise.[1]
It is undisputed that on November 9, 1989 attorneys for Mercedes, Lathrop and the individual plaintiffs met. The plaintiffs allege that at the meeting, Mercedes orally agreed to diligently process the plaintiffs' application and to not unreasonably withhold its approval. The plaintiffs allege that there was also an implied agreement that Mercedes would exercise good faith and deal fairly with the plaintiffs in regard to its processing and consideration of said application. The plaintiffs further allege that Mercedes agreed not to entertain any other applications for the Lathrop franchise for a ninety day period. In consideration of these alleged agreements, the plaintiffs allege that they agreed that they would not seek the intervention of the Bankruptcy Court in the proposed sale of the franchise.
Subsequent to the November 9, 1989 meeting, Mercedes provided the plaintiffs with application materials. CT Page 566 The plaintiffs completed the application and submitted it to Mercedes. Mercedes then informed the that the proposed franchise name had to be changed and advised the plaintiffs to modify the financial information submitted. The plaintiff's resubmitted their application to Mercedes with the suggested modifications. On February 8, 1990 Mercedes rejected the plaintiffs' application.
On August 4, 1990, the plaintiffs filed an amended complaint in ten counts against Mercedes. There are five causes of action in these ten counts. Counts one, three, five, seven and nine assert causes of action for breach of contract, violation of General Statutes 42-133cc(10) of the Connecticut Franchise Act (hereinafter the "franchise act"), fraudulent and negligent conduct, violation of the Connecticut Unfair Trade Practices Act and tortious interference with contract rights, respectively. These five counts are being brought on the basis that the alleged agreement of November 9, 1989 was between Mercedes, Lathrop and the plaintiffs. Count two, four six, eight and ten also assert causes of action for breach of contract, violation of General Statutes 42-133cc(10) of the Connecticut Franchise Act, fraudulent and negligent conduct, violation of the Connecticut Unfair Trade Practices Act and tortious interference with contract rights, respectively. As compared to count one, three, five, seven and nine, these counts are asserted on the alternative theory that the November 9, 1989 agreement was between Lathrop and Mercedes and that the plaintiffs are third party beneficiaries of the alleged agreement.
On September 14, 1992, the defendant filed a motion for summary judgment on counts three, four, nine and ten. On September 14, 1992, the defendant filed a memorandum of law in support of its motion for summary judgment. In it the defendant argues that the court should grant summary judgment as to counts three and four, which allege a violation of the franchise act, because the plaintiffs do not have standing as mere prospective franchisors to bring an action under the act. As to count nine, the defendant argues that summary judgment is appropriate as to the individual plaintiffs because the individual plaintiffs assigned their rights to Trans-Oceanic and therefore no longer have justiciable interest in the controversy. The defendant argues in the alternative that the allegations for tortious interference CT Page 567 set forth in counts nine and ten fail to state a cause of action for which relief can be granted because the defendant is a party to the contract with which the defendant allegedly interfered. The defendant further argues that it was legally privileged to reject the plaintiffs' application. Therefore, summary judgment on counts nine and ten is appropriate as to all the plaintiffs.
On October 29, 1992, the plaintiffs filed a memorandum of law in opposition to the motion for summary judgment. On November 11, 1992, the defendant filed a reply to the plaintiffs' memorandum.
DISCUSSION
Pursuant to Practice Book 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 592 (1991). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The court must view the evidence in the light most favorable to the nonmovant. Id. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of a material fact in dispute. State v. Gogin, 208 Conn. 606,616, 546 A.2d 250 (1978). A material fact is a fact which will make a difference in the outcome of the case. Id.
A. Counts three and four.
In count three, the plaintiffs allege that:
 [On or about November 9, 1989] . . . there was an agreement between Lathrop, Mercedes-Benz and the individual plaintiffs acting by and through their respective attorneys, that the individual plaintiffs and the proposed corporate nominee would file an application with Mercedez-Benz to operate the franchise, that Mercedes-Benz would diligently CT Page 568 process said application and would not unreasonably withhold its approval; and there was an implied covenant that Mercedes-Benz would exercise good faith and deal fairly with regard to its processing and consideration of said application.
 The defendant Mercedez-Benz, in breach of its obligations pursuant to General Statutes 42-133cc(10), unreasonably withheld its consent to the sale of the franchise to the plaintiffs who were qualified buyers capable of being licensed as a Mercedes-Benz dealer and by letter dated February 8, 1990 rejected the plaintiffs' application.
Based on these allegations, the plaintiffs assert a cause of action under General Statutes 42-133cc(10). In count four, argued in the alternative, the plaintiffs allege that the November 9, 1989 agreement referenced above was between Lathrop and Mercedes and the plaintiffs were third party beneficiaries to this agreement. As in count three, the plaintiffs allege the breach of this agreement as the basis for their cause of action under General Statutes42-133cc(10).
To sum up, the plaintiffs' cause of action for the alleged violation of General Statutes 42-133cc(10) is based not on the buy/sell agreement between themselves and Lathrop. Rather, the plaintiffs' claim is based on Mercedes' alleged breach of the alleged verbal agreement of November 9, 1989 wherein Mercedes is alleged to have promised to use good faith and reasonableness in Mercedes consideration of the plaintiffs' application. The plaintiffs allege that they were either a direct party to the agreement of November 9, 1989 or (count three) or a third party beneficiary of the agreement (count four) and that the breach of said agreement gave rise to their cause of action in both counts.
General Statutes 42-133cc(10) provides:
 No manufacturer or distributor shall: . . . (10) Unreasonably withhold CT Page 569 consent to the sale, transfer or exchange of the franchise to a qualified buyer capable of being licensed as a dealer;. . .
General Statute 42-133ee further provides:
 Notwithstanding the terms, provisions or conditions of any agreement or franchise . . . any consumer who is injured by a violation of sections 42-133r to 42-133ee, inclusive, or any party to a franchise who is so injured in his business or property by a violation of said sections relating to that franchise, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated would be in violation of said sections, may bring a civil action in the superior court to enjoin further violations, and to recover the actual damages sustained by him together with the cost of the suit, including a reasonable attorney's fee.
The court finds first that the statutory language of 42-133ee is clear and unambiguous as to who may bring an action for a violation of General Statutes 42-133cc(10): (1) consumers; (2) parties to a franchise; and (3) any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated would be in violation of said sections.
The facts show that the plaintiffs are not in the first or third classes of plaintiffs. The plaintiffs argue that they are a party to the franchise, and therefore within the franchise act's scope, either as a direct party to the November 9, 1989 agreement or a third party beneficiary of the agreement.
The plaintiffs' assertion is erroneous because throughout their pleadings and briefs they do not characterize themselves to be anything more than applicants for a franchise. They do not allege nor do they provide any facts which would indicate that they are a party to a CT Page 570 franchise agreement. Accordingly, the plaintiffs do not have standing to bring a cause of action under the franchise act for an alleged violation of General Statutes 42-133cc(10). In conclusion summary judgment is appropriate as to counts three and four because there is no dispute as to any issue of material fact and the defendant is entitled to judgment as a matter of law.
B. Count nine in regard to the individual plaintiffs.
As to count nine, the defendant argues that summary judgment is appropriate because the individual plaintiffs assigned their rights to Trans-Oceanic and therefore no longer have a justiciable interest in the controversy. It is noted that issues of standing are more appropriately raised in a motion to dismiss.
The defendant's argument ignores the allegations contained in the amended complaint (count nine, paragraph 21) and other proof in the pleadings that the individual plaintiffs were harmed by the alleged actions of the defendant. Therefore, summary judgment on count nine as to the individual plaintiffs is inappropriate.
C. Counts nine and ten in regard to all the plaintiffs.
The plaintiffs allege in count nine that they were a direct party to the November 9, 1989 agreement and that when Mercedes breached this agreement, that action constituted tortious interference with the plaintiffs' contract rights and expectations arising out of the plaintiffs' October 24, 1989 agreement with Lathrop. The plaintiffs argue in the alternative in count ten that they were third party beneficiaries of the November 9, 1989 agreement and that when Mercedes breached this agreement, that action constituted tortious interference with the plaintiffs' contract rights and expectations arising out of the plaintiffs' October 24, 1989 agreement with Lathrop. The underlying contract with which interference is alleged, namely the October 24 buy/sell agreement, is the same in both counts. For purposes of this motion for summary judgment, the characterization of the plaintiffs' relationship to the allegedly tortious acts of the defendant is irrelevant.
The essential elements of this cause CT Page 571 of action [for tortious interference with a contract] are: (1) the defendant's conduct was tortious in that it was fraudulent; and (2) as a proximate consequence of that fraudulent conduct, the plaintiff suffered actual loss, as alleged, in being deprived of an opportunity which he would otherwise have had. . . . (Citations omitted.)
Selby v. Pelletier, 1 Conn. App. 320, 323-24, 472 A.2d 1285
(1985).
The plaintiffs allege that the tortious aspect of the defendant's actions was the defendant's "fraudulent misrepresentation" to the plaintiffs that it had provided the plaintiffs with all necessary standards for application and application materials. Further, the plaintiffs allege that Mercedes fraudulently misrepresented that it would use good faith and reasonableness in receiving the plaintiffs' application. The defendant's representations allegedly arose out of the November 9, 1989 agreement. The plaintiffs allege that these actions constituted tortious interference with the October 24, 1989 buy/sell agreement between Lathrop and the plaintiffs and gave rise to the cause of action in count nine.
The defendant argues that it is legally privileged to reject the plaintiffs' application as a valid exercise of its business judgment and right to contract.[2] Therefore, the defendant argues that the plaintiffs cannot maintain a cause of action against them for tortious interference.
The defendant's argument ignores the fact that the plaintiffs allege that a verbal agreement exists in which the defendant allegedly agreed to act reasonably and in good faith when considering the plaintiffs' application. The facts surrounding the existence, terms and performance of this verbal agreement are material to the resolution of the tortious interference counts and are disputed. Therefore, there is a genuine issue of material facts as to counts nine and ten and the court hereby denies the defendant's motion or summary judgment as to these counts.
CONCLUSION CT Page 572
Summary judgment is hereby granted to counts three and four because the plaintiffs are not within the class of plaintiffs allowed by statute to bring the causes of action set forth in these two counts.
Summary judgment as to counts nine and ten is hereby denied because a genuine dispute of material fact exists in regard to the cause of action set forth in these two counts.
Hurley, J.