[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 112
On August 4, 1992, the plaintiff, Kaba High Security Locks (Kaba), filed a single count complaint against the defendant, Automatic Plating Company (APC). On November 18, 1992, APC filed a two count counterclaim and, on September 1, 1993, moved for summary judgment on the second count of the counterclaim. APC alleges that it engaged in a series of transactions with Kaba, on a "per pound" basis, totaling $9,664.40. The defendant alleges that the balance due and owing by Kaba is $7,523.00, and that the plaintiff has been unjustly enriched by that amount. The motion for summary judgment is accompanied by a memorandum in support, an affidavit of Clifford Baumgardner, president of APC, and documentary evidence in the form of invoices for the delivery of goods from APC to Kaba. On October 8, 1993, Kaba filed an objection to the motion for summary judgment along with a memorandum in support, an affidavit of Marion Hanning, bookkeeper of Kaba, and documentary evidence in the form of invoices between Kaba and APC. Kaba argues that the prior course of dealings between the parties was on a "per lot" basis and therefore APC is not entitled to payment for goods on a "per pound" basis.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991).
General Statutes 42a-2-208(1) provides in part:
 Where the contract for sale involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to CT Page 8624 it by the other, any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement.
"A course of performance `accepted or acquiesced in without objection' is relevant to a determination of the meaning of a contract of sale." County Fire Door Corporation v. C.F. Wooding Co., 202 Conn. 277, 288, 520 A.2d 1028 (1987).
At issue in the instant case is whether Kaba contracted for goods from APC on a "per lot" or "per pound" basis. Both the movant and nonmovant have submitted affidavits and documentary evidence in an effort to demonstrate the course of business dealings and performance between the parties both prior and subsequent to the transactions at issue. Neither party has submitted a copy of a contract. The evidence submitted by the parties is conflicting and operates to raise an issue as to the course of dealing and performance between the parties. The course of dealings between the parties is a genuine issue of material fact.
The motion for summary judgment is denied.
BALLEN, J.