[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On May 5, 1993, the plaintiff, H.C. Tedford Associates ("Tedford"), filed an amended two-count complaint against the defendants, Costco Wholesale Corporation ("Costco"), Stewart Title Guaranty Company ("Stewart Title") and Safeco Insurance Company of America ("Safeco Insurance"). The plaintiff alleges the following facts in its amended complaint. Costco is the current owner of a parcel of property known as 1718 Boston Post Road, Milford, Connecticut. The plaintiff provided certain surveying and engineering services for the improvement of the subject property. On July 27, 1990, the plaintiff filed a certificate of Mechanic's Lien with the City Clerk of Milford, claiming a lien on the subject property, which lien was recorded in the Milford land records. The sum due to the plaintiff for said services has not been paid.
On March 11, 1991, the FDIC, as receiver for the New Connecticut Bank and Trust, N.A., the previous property owner, filed an application to dissolve the plaintiff's mechanic's lien by substitution of bond. See General Statutes § 49-37(a). The bond named Stewart Title, as principal, and Safeco Insurance, as surety, jointly and severally liable to the plaintiff in substitution for the release of the plaintiff's mechanic's lien on the property. On May 11, 1992, the court ordered the mechanic's lien dissolved upon substitution of the bond.
On June 26, 1991, the plaintiff commenced an action to foreclose its mechanic's lien on the property, naming as a defendant the New Connecticut Bank and Trust, N.A. On October 7, 1992, the FDIC, as receiver for the new [New] Connecticut Bank and Trust, N.A., took title to the property through strict foreclosure. On October 13, 1992, the FDIC sold the property to 1718 Boston Post Road Limited Partnership ("the Partnership"); and on October 15, CT Page 10430-A 1992, Costco purchased the property from the partnership. On April 15, 1993, the FDIC filed a motion for summary judgment as to the plaintiff's foreclosure against the property. On July 28, 1993, inH.C. Tedford Associates v. Federal Deposit Insurance Corporation,9 Conn. L. Rptr. 503 (July 28, 1993, Curran, J.); the court granted the FDIC's motion for summary judgement, holding that the plaintiff's mechanic's lien had been properly dissolved in accordance with General Statutes § 49-37 and that the FDIC was not a proper party-defendant in the action because the FDIC was not the lienor, the property owner or the bonding company.
In count one of the complaint in the present action, the plaintiff brings a foreclosure action on its alleged mechanic's lien on the subject property. In count two of the complaint, the plaintiff brings an action for damages and equitable relief against Stewart Title and Safeco Insurance on the bond issued in substitution for the release of the plaintiff's mechanic's lien.
On August 30, 1993, Costco filed a motion for summary judgment, accompanied by a memorandum of law, as to the foreclosure action in count one on the ground that the plaintiff's mechanic's lien was dissolved by the court on May 11, 1993. On September 10, 1993, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment. On October 20, 1993, Costco filed a memorandum in response to the plaintiff's objection the motion for summary judgment. On October 25, 1993, Stewart Title and Safeco Insurance filed a memorandum of law in opposition to Costco's motion for summary judgment. On November 5, 1993, Stewart Title and Safeco Insurance filed a supplemental memorandum of law in opposition to Costco's motion for summary judgment. On November 15, 1993, Costco filed a supplemental memorandum of law in support of its motion for summary judgment.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleading, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted; citations omitted.)Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952
(1991). "In ruling on the defendant's motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issue exists." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "In deciding CT Page 10430-B a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,781, 595 A.2d 334 (1991).
In its memorandum of law in support of the motion for summary judgment, Costco argues that the plaintiff's mechanic's lien on the subject property was dissolved upon substitution of the bond pursuant to an order of the court on May 11, 1993. Costco argues further that this court in H.C. Tedford Associates v. FederalDeposit Insurance Corporation, supra, held, with respect to the plaintiff's mechanic's lien, that the lien had been dissolved in accordance with General Statutes § 49-37(a). In its memorandum of law in opposition to the motion for summary judgment, the plaintiff maintains that the mechanic's lien on the property was not validly dissolved in accordance with General Statutes § 49-37(a) and that the court erred in so holding. In their memorandum of law in opposition to the motion for summary judgment, Stewart Title and Safeco Insurance, also, contend that the mechanic's lien was not validly dissolved in accordance with General Statutes § 49-37(a).
Although the parties in opposition to Costco's motion for summary judgment have all provided in their briefs arguments as to why the plaintiff's mechanic's lien was not properly dissolved on May 11, 1993, the court in H.C. Tedford Associates v. FederalDeposit Insurance Corporation, supra, already addressed the issue and held that the mechanic's lien was properly dissolved pursuant to General Statutes § 49-37(a). See H.C. Tedford Associates v.Federal Deposit Insurance Corporation, supra, 504 (holding that the ten-day limitation in § 49-37(a) is directory, not mandatory, and since the lienor's rights were not prejudiced, § 49-37(a) was fulfilled.)
Since the lien has already been dissolved, the court therefore grants Costco's motion for summary judgment as to count one of the plaintiff's complaint.
The Court
Curran, J.