[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#104)
Plaintiff Rita Curcio filed a one count complaint on July 2, 1993, in which she seeks to recover on a claim filed with her insurer, defendant Metropolitan Property and Casualty Insurance Company. The plaintiff alleges that her home was burglarized on July 18, 1993 and that at the time of the burglary she was covered pursuant to a homeowner's insurance policy issued by the defendant. The plaintiff further alleges that she reported the incident to the defendant who has refused to pay on her claim.
On August 18, 1993 the defendant filed its answer and two special defenses. In its first special defense the defendant alleges that the plaintiff is precluded from recovering under her policy because she misrepresented her prior loss history in an application for insurance which she filed with the defendant. In its second special defense the defendant alleges that the plaintiff made false statements and material misrepresentations in conjunction with the filing of her claim and that she has failed to cooperate with the defendant's investigation of her claim.
On September 30, 1993 the defendant filed a motion for summary judgment with a supporting memorandum of law. In support of its motion the defendant submits the following: (1) a copy of an application for insurance that was allegedly filled out by the plaintiff; (2) a copy of the plaintiff's homeowner's insurance policy which was issued by the defendant; (3) a copy of a prior claim that the plaintiff filed with the Covenant Insurance Company on or about November 19, 1990 ("1990 claim"); (4) copies of police reports that were filed in conjunction with the plaintiff's 1990 claim; (5) the affidavit of Edward Czernicki, the defendant's investigator; and (6) the affidavit of Kandy Florentine, an employee of the defendant who interviewed the plaintiff with respect to the plaintiff's claim. The plaintiff filed an objection to the defendant's motion and plaintiff's affidavit on October 18, 1993. On November 15, 1993, the defendant filed a reply brief and transcripts of conversations between the plaintiff and the defendant's employees. CT Page 131
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Company, 219 Conn. 644,650, 594 A.2d 52 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985).
The documents submitted by the defendant in support of its motion for summary judgment are not in proper form. Specifically, the copy of the application for homeowner's insurance (defendant's Exhibit A) and the copy of the parties' insurance policy (defendant's exhibit B) are not attested to or otherwise authenticated. Further, these copies are only partially legible. With respect to the copy of the application for insurance which the plaintiff allegedly filled out, the section of the application which asks for information as to whether the applicant has sustained "any loss" in previous years was not completed. The copy of the insurance policy lists the plaintiff as an insured and contains a completed "prior loss history" section in which the plaintiff states that she did not have any prior losses. However, this document was not signed at the bottom by either the plaintiff or an agent or representative of the defendant.
The defendant's documentary evidence submitted in support of its motion and plaintiff's affidavit raise genuine issues of material fact. The defendant's motion for summary judgment is denied.
BALLEN, JUDGE