[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On December 11, 1992, the plaintiff, Town of Orange, filed a six-count complaint against the defendant, Jennith Liner, seeking to foreclose on its tax liens for unpaid taxes on property owned by the defendant for the tax list years as follows:
 10/1/86 $1,214.89 10/1/87 2,588.40 10/1/88 2,718.18 10/1/89 2,970.52 10/1/90 3,357.00 10/1/91 3,542.64
(Affidavit of Tax Collector of Town of Orange).
On September 24, 1993, the plaintiff filed a motion for summary judgment as to the amount of unpaid taxes that are due and payable upon the property, accompanied by a memorandum of law, an affidavit and supporting documents, on the ground that no genuine issue of fact exists, and thus the plaintiff is entitled to judgment as a matter of law. On October 7, 1993, the defendant filed a memorandum of law in opposition to the motion for summary judgment, accompanied by an affidavit and supporting documents.
Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). CT Page 678
Connecticut General statutes 12-146 provides in relevant part that when a tax becomes "delinquent," it
 shall be subject to interest from the date of such delinquent instalment. . . . [T]he delinquent portion of the principal of any tax shall be subject to interest at the rate of eighteen per cent per annum from the time when it became due and payable until the same is paid. . . . Each addition of interest shall become, and shall be collectible as, a part of such tax.
The defendant argues that the interest imposed for the delinquent taxes exceeds the penalty limitation under 11 U.S.C. § 57j and thus should not be allowed against the defendant pursuant to her discharge in bankruptcy in March, 1991.
It is submitted that General Statutes 12-146 provides for the payment of "interest" on delinquent taxes, and not for the imposition of a penalty. Cf. General Statutes 12-150. The court grants the plaintiff's motion for summary judgment.
The Court
By Curran, J.