[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER ON MOTION TO STRIKE
The defendant Nationwide moves to strike a CUTPA count brought by the plaintiff on the basis that Chapter 704 of the statutes, (the CUIPA Law) affords no private remedy unless it is also coupled with a CUTPA claim under § 42-110b of the statutes.
". . . [T]he legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA." Section 38a-815 of the Connecticut General defines certain conduct constituting unfair insurance practices. Section 38a-817 of the statutes provides for an administrative procedure through the state insurance commissioner to deal with these unfair practices. No private cause of action can be maintained for violation of § 38a-815 of the General Statutes, unless such a CUIPA claim is also brought within the penumbra of CUTPA which does authorize a private right of action for unfair trade practices including those specified in § 38a-815 of the CUIPA statute. See: Lees v. Middlesex Insurance Co., 219 Conn. 644,654; Mead v. Burns, 199 Conn. 651, 665-6. The plaintiff agreed her CUTPA count should be struck. Since without it the CUIPA count affords no private remedy, it too is struck.
FLYNN, J.