[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT ON INSURANCE MATTER
This action, which was commenced by complaint dated April 30, 1992, involves a dispute between the plaintiffs as the insureds and the defendant as the insurer under a homeowner's insurance policy. A revised complaint was filed on June 25, 1992, which alleges causes of action based on fiduciary bad faith, breach of contract, violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq., and common law punitive damages.
According to the revised complaint, on or about March 19, 1991, plaintiffs Ronald and Julie Davis and their three minor children (hereinafter the "plaintiffs"), sustained injuries and lost their use of their residence, including their personal property, when a licensed pest control company CT Page 1443 misapplied a treatment of an approved termiticide at their residence. Plaintiffs allege that the damage to their property was covered under their homeowner's insurance policy issued by the defendant, Connecticut Union Insurance Company (hereinafter the "defendant"). The defendant has refused to cover the plaintiffs' loss.
The defendant answered the revised complaint and filed two special defenses. The first special defense alleges that the allegations of the complaint are barred by the Statute of Limitations contained in General Statutes 38-98 and Paragraph 8 Section 1 of the insurance policy at issue. The second special defense alleges that the plaintiffs' claims for damage are specifically excluded under the provisions of the subject policy. Plaintiffs filed a reply to defendant's special defenses on July 6, 1992.
On July 30, 1992, the defendant filed the present motion for summary judgment on the ground that "there is no genuine issue of material fact that a claim exists against this defendant." The defendant has filed an accompanying memorandum of;.law in support of its motion, as well as the following supporting documentation: a copy of a letter dated October 31, 1991 from the plaintiff Ronald Davis to the Insurance Department of the State of Connecticut regarding the rejection of his claim; copies of the subject insurance policy; a copy of the complaint filed by the plaintiffs against Acme Pest Control, Inc., which applied the termiticide, and a copy of the case, McQuade v. Nationwide Mutual Fire Insurance Co., 587 F. Sup. 67
(1984). On December 10, 1992, the plaintiffs filed a memorandum in opposition to the defendant's motion, along with the following supporting documentation: a copy of the complaint dated April 30, 1992 against the defendant; a copy of the homeowner's insurance policy at issue, and the affidavit of the plaintiff Ronald T. Davis. On December 14, 1992, the plaintiffs supplemented their opposition with the report of David Barnhart, one of the editors of the Barnhart dictionary.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present CT Page 1444 evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984).
The defendant argues that summary judgment should be granted as to the entire complaint on the ground that the claim at issue is specifically excluded from coverage under the subject insurance policy. In support thereof, the defendant relies upon two out of state cases, McQuade v. Nationwide Mutual Fire Insurance Co., supra, and Auten v. Employers National Insurance Company, 722 S.W.2d 468 (Tex.App. 1986), writ denied749 S.W.2d 497 (Tex. 1988). In each of these cases, the court analyzed the relevant policy exclusion and concluded that the insurer was not responsible for losses caused by the misapplication of a pesticide or termiticide by an exterminator. In each of these cases, the applicable exclusion was similar to the exclusion contained in Section 1 of the policy at issue, which states:
 We insure against risks of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:
2. caused by . . .
 f . . . (5) release, discharge or dispersal of contaminants or pollutants . . .
The plaintiffs allege in the revised complaint that the termiticide at issue is not a pollutant or contaminant but rather an approved pest control product, and therefore the damages they sustained are recoverable under the insurance policy. In opposition to the present motion, the plaintiffs further argue that a genuine issue of fact exists as to whether the termiticide used in this case are contaminant.
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy." Aetna Life Casualty Co. v. Bulaong,218 Conn. 51, 58, 588 A.2d 138 (1991). "[C]onstruction of a contract of insurance presents a question of law for the court . . . ." Id.; see also Flanders Pharmacy, Inc., et al v. CT Page 1445 Norfolk Dedham Mutual Fire Insurance Co., 6 CTLR 32 (March 16, 1991, Hennessey, J.). However, "there may be cases where the interpretation of an insurance policy depends on factual questions." Aetna Life Casualty Co. v. Bulaong, supra, 59. This court finds that this is such a case, and a question of fact exists as to whether the termiticide applied to the plaintiffs' home is a "contaminant" which is excluded under the policy. Accordingly, this court concludes that the defendant's motion for summary judgment on the basis of the policy exclusion is denied.
The defendant further argues that the allegations contained in counts one, two and four of the revised complaint are barred by the Statute of Limitations contained in General Statutes 38-98 and Paragraph 8 Section 1 of the insurance policy. These counts allege fiduciary bad faith, breach of contract, and common law punitive damages, respectively.
General Statutes 38-98 (now transferred to 38a-107) states in relevant part that
 The standard form of fire insurance policy of the State of Connecticut . . . shall be as follows . . . Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.
(Emphasis added.)
Similarly, Section 1, Paragraph 8 of the subject insurance policy provides that "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of the loss." (Exhibit B to plaintiffs' memorandum in opposition to defendant's motion).
In the instant case, the plaintiffs allege that the termiticide at issue was applied on March 19, 1991. They further allege that they lost the use of their residence dwelling and all of their insured personal property on or about April, 1991, and so notified the defendant on or about April 3, 1991. The instant lawsuit, however, was commenced by service of CT Page 1446 the complaint on May 4, 1992, over one year after the alleged loss. Clearly the court must and hereby does grant summary judgment for the defendant with respect to count two of the plaintiffs' revised complaint, alleging breach of contract, as it is barred by 38-98 and Section 1, Paragraph 8 of the subject insurance policy.
The court finds that the reasoning articulated by our Supreme Court in Lees v. Middlesex Insurance Company, 219 Conn. 644
(1991) and Hanover Ins. Co. v. Fireman's Fund Ins. Co.,217 Conn. 340 (1991) supports the plaintiff's view that claims for breach of fiduciary duty (count 1), violation of the Connecticut Unfair Trade Practices Act (count 2) and common law punitive damages (count 4) are based upon conduct in settling or failing to settle insurance matters. As such, these claims are not tantamount to claims "on the policy," Lees, supra at 653, and are not barred by a one-year statute of limitation.
Therefore, summary judgment is denied as to counts 1, 2 and 4 of the Revised Complaint.
Clarance J. Jones Judge