[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edith Covino, filed a revised amended complaint on April 1, 1993, alleging negligence, misrepresentation, and violations of the Connecticut Unfair Insurance Practices Act (CUIPA) and Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff alleges that in August 1986, the plaintiff employed the defendant, Francis Jacovino, a licensed insurance agent, to develop an investment plan for her and her husband. The plaintiff alleges that the defendant, Francis Jacovino, recommended, as part of his investment plan, that the plaintiff purchase a life insurance policy through the defendant from Integrated Resource Life Insurance Company. It is alleged that prior to March 1991, the defendant, Francis Jacovino, induced the plaintiff to withdraw money from this life insurance policy so that the plaintiff could purchase two other insurance instruments from the said defendant. It is alleged that Mr. Jacovino represented to the plaintiff that this withdrawal would not result in a taxable event to the plaintiff. However, this withdrawal did result in a taxable event and had federal tax consequences for the plaintiff. The plaintiff alleges that this fact was concealed by the defendant until after March of 1991. The plaintiff alleges that she has suffered damages.
On April 8, 1993, the defendant filed a motion to strike counts three and four of the plaintiff's revised amended complaint. On April 26, 1993, the plaintiff filed a memorandum in opposition to the defendant's Motion to Strike.
"[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278 (1988).
The defendant argues that CUIPA, Connecticut General Statutes38a-815, does not authorize a private cause of action and such an action cannot be implied. Furthermore, the defendant argues, count four, the alleged CUTPA violation, incorporates the allegations of count three, the alleged CUIPA violation, and plaintiff's allegations do not support a CUIPA violation and therefore, cannot sustain a CUTPA violation. CT Page 6850
The plaintiff argues that the defendant is precluded from bringing this motion by Practice Book 150 because he has already filed an answer to the plaintiff's original complaint. The plaintiff further argues that the defendant has violated Connecticut General Statute 38a-816 which states in pertinent part:
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance: (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: . . . (f) is a misrepresentation for the purpose of inducing or tending to induce to the lapse, forfeiture, exchange, conversion or surrender of any insurance policy . . .
Therefore, the plaintiff argues, she has a cause of action under CUIPA, and furthermore, that the Connecticut Supreme Court has held that a cause of action exists under CUTPA for alleged CUIPA violations. See Mead v. Burns, 199 Conn. 651, 565-66, 509 A.2d 11
(1986).
Connecticut Practice Book 113 provides:
 In all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.
(Emphasis added.) Based on the above, this court finds that it may hear the defendant Francis Jacovino's motion to strike.
"Unlike CUTPA, CUIPA does not expressly create a private right of action. Rather, it is a regulatory statute granting certain powers to the insurance commissioner. . . . There is no provision for a private right of action." Scheer v. Chubb Son, Inc., 9 Conn. Law Trib. No. 17, p. 13, 16 (D. Conn., December 14, CT Page 6851 1982, Burns, J.). While the Connecticut Supreme Court has held that a violation of CUIPA may be actionable as an unfair trade practice; see Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11
(1986); it has expressly declined to rule on the question of whether an individual may maintain a private cause of action for damages under CUIPA alone. See Id., 657 n. 5; Griswold v. Union Labor Life Insurance Co., 186 Conn. 507, 521 n. 12 (1982). However, some superior court decisions have recognized a private right of action under CUIPA itself. See Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co., 2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.); Thompson v. Aetna Life Casualty Co.,2 CSCR 648, 649 (May 15, 1987, Sater, J.). But see Warner v. Sanford Hall Agency, 8 CTLR 333 (February 10, 1993, Wagner, J.); Langlais v. Guardian Life Ins. Co., 7 CTLR 34, 36 (July 7, 1992, Lewis, J.).
The court in Bronson Townsend Co. v. Cornaglia, 1 CSCR 814
(September 30, 1986, Reynolds, J.), held that where a CUIPA action is based on a violation of Connecticut General Statute 38-61(1) [now 38a-816(1)], there is no requirement that the defendant knew that he was making a false statement with the intent to deceive.
A plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA. Lees v. Middlesex Ins. Co., 219 Conn. 644,654, 594 A.2d 952 (1991); Mead v. Burns, supra, 663.
The plaintiff has alleged in paragraph 8 of her revised complaint that the life insurance policy recommended and sold to her by the defendant Francis Jacovino was "inappropriate to meet the goals communicated by the plaintiff and her husband to the defendant." Furthermore, in paragraphs 9 and 10 of the plaintiff's revised complaint she alleges that the defendant induced her to withdraw money from a life insurance policy to buy two other insurance instruments from the defendant and that he (defendant) represented that there would be no taxable event from the withdrawal of this money. The plaintiff also alleges that the fact that this withdrawal resulted in a taxable event was concealed from her by Mr. Jacovino.
Viewing the allegations in a manner most favorable to the plaintiff, the plaintiff has sufficiently alleged a violation of Connecticut General Statutes 38a-816(1) and the court finds that CUIPA allows a private cause of action. Therefore, the court denies the defendant's motion to strike count three of plaintiff's CT Page 6852 revised amended complaint.
The court further finds that the plaintiff may bring a cause of action under CUTPA to enforce her alleged CUIPA violations. See Mead, supra. Therefore, the court also denies the defendant's motion to strike count four of plaintiff's revised amended complaint.
WILLIAM J. SULLIVAN, J.