[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This memorandum is in response to the defendant's Motion for Articulation.
The plaintiffs have brought a three-count complaint against the defendant. The action is based upon the defendant's refusal to pay a claim for a loss under the terms of an automobile insurance policy. In Count Two the plaintiffs contend that the defendant, in inducing the plaintiffs to purchase the insurance policy, fraudulently misrepresented its claims payment policies and misled the plaintiffs into paying the premiums based upon the belief that their claims would be honored. In Count Three the plaintiffs contend that these actions constituted theft of the premium paid.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint." NovametricsMedical Services v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
In ruling, on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Blancata v.Feldspar Corporation, 303 Conn. 34, 44, 522 A.2d 1235 (1987). In ruling on a motion to strike, the court is "limited to the facts alleged in the complaint" and "must construe those facts most favorably to the plaintiff." Novametrix Medical Services v. BOCGroup, Inc., supra, 224 Conn. 215. "A motion strike admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
In Count Two the plaintiffs identify their claim as based upon the Connecticut Unfair Trade Practices Act (CUTPA), as codified in Connecticut General Statutes § 42a-110a et seq. This act creates a cause of action for unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
Connecticut General Statutes § 38a-816 defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance (CUIPA). CT Page 13986
Connecticut General Statutes § 38a-816 (i) provides:
 Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy . . ."
A CUIPA violation predicated upon misrepresentation or false advertising of insurance policies need not allege more than a single act. John Sygiel et al v. Clifford, Ban Loos InsuranceAgency, Inc. et al, 14 Conn. L. Rptr. No. 18, 561 (Sept. 18, 1995).
In the instant action Count Two of the complaint alleges false representation resulting in the payment of premiums. The plaintiff, therefore, has sufficiently alleged a cause of action. "A private cause of action exists under CUTPA to enforce alleged CUIPA violations." Lees v. Middlesex, 219 Conn. 644, 654,594 A.2d 952 (1991). The motion to dismiss the second count of the complaint is denied.
In Count Three the plaintiffs claim statutory theft. The plaintiffs must therefore allege that the defendant intentionally deprived them of their funds and that the defendant's conduct was unauthorized. The defendant claims this cause of action cannot be brought against a corporation. The plain meaning of this claim is that the officers and employees of a large corporation conspired and formed the intent to steal money from the plaintiffs. The defendant has correctly identified this as a very dubious assertion. Many claims fall into this category. It does not necessarily follow that they be stricken from the complaint. The motion to strike the third count is denied.
Thomas O'Keefe, Jr., Judge