[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #101
The plaintiff, Daley Moving Storage, Inc., seeks a declaratory judgment against the defendant, Northbrook Property 
Casualty Insurance Company, by virtue of its refusal to defend the plaintiff under a commercial inland marine insurance policy issued by the defendant. The refusal to defend occurred when the plaintiff herein was named as a defendant in an underlying civil action known as Pedrazzo v. Daley Moving Storage, Inc., Superior Court, judicial district of Hartford, Docket No. 577344. In the Pedrazzo suit, the plaintiff alleges that Daley improperly disposed of property that Pedrazzo had been storing in one of Daley's storage facilities. Pedrazzo brought his claim in seven counts, alleging 1) breach of contract, 2) conversion, 3) statutory theft, 4) violation of General Statutes § 42-159 et seq., 5) CUTPA, 6) negligent infliction of emotional distress, and 7) intentional infliction of emotional distress.
The defendant, Northbrook, maintains that the commercial inland marine policy did not require it to defend or indemnify the plaintiff. On July 20, 1998, the plaintiff filed this declaratory action. On July 31, 1998, the plaintiff moved for summary judgment on their declaratory claim. This motion was accompanied by a memorandum in support of the motion for summary judgment, an affidavit, and other supporting documentation. On August 14, 1998, the defendant filed an objection to the plaintiff's motion for summary judgment, as well as a cross motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 12564 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted, internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). To prevail on a motion for summary judgment, the moving party must persuade the court that there is no genuine issue of material fact, and thus that it is entitled to judgment as a matter of law. Lees v.Middlesex Insurance Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969).
In the instant matter, the plaintiff moves the court for summary judgment on the ground that there is no issue of material fact and that the defendant has a duty to defend the plaintiff under the commercial inland marine insurance policy. The defendant, in response, argues that the insurance policy does not require them to defend the plaintiff at all, and further, that there is no coverage afforded under this insurance policy.
In deciding whether an insurer has a duty to defend and/or indemnify the insured, a trial court must analyze the complaint filed against the insured to determine whether it states facts which appear to bring the alleged in jury within the coverage of the policy Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110, 220 A.2d 21 (1967). "If any of the allegations of the complaint falls even possibly within the coverage, then the insurance company must defend the insured."City of West Haven v. Liberty Mutual Insurance Co., 639 F. Sup. 1012,1017 (D. Conn. 1986).
In the present case, the defendant argues that it had no duty to defend the plaintiff in the underlying action because of three exclusionary clauses contained within the insurance policy. These exclusions read as follows: "B. As respects section IIB, legal liability on property in warehouses, this policy does not cover: . . . 2. Willful conversion or willful and wrongful secretion; 3. Illegal sale of property by insured . . . D. As respects all policy coverages, this policy does not insure against: . . . 2. Any fraudulent or dishonest act(s) committed alone or in collusion with others by: A) Any employee, officer, director, partner, trustee, or any other authorized representative of the insured, whether or not such act(s) be CT Page 12565 committed during regular business hours, or; B) Others to whom the property covered hereunder may be entrusted (connecting carriers for hire excepted)". Plaintiff's Motion For Summary Judgment, Commercial Inland Marine Policy No. 78469094, pp. 7-8.
Pursuant to Connecticut case law, "the terms of an insurance policy are to be construed according to the general rules of contract construction." Heyman Associates No. 1 v. Insurance Co.of Pennsylvania, 231 Conn. 756, 769-70, 653 A.2d 122 (1995). "If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . However, [w]hen the words of an insurance contract are, without violence, susceptible of two [equally responsible] interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citations omitted, internal quotation marks omitted.) Id., 770. Although the ambiguities are to be construed against the insurer, "[a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, the words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 584, 573 A.2d 699 (1990).
It is the defendant's position that the plain meaning of these exclusions' terms exclude from coverage the claims in the underlying action because every claim is premised on the "wrongful conversion of [Pedrazzo's] property." Defendant's Memorandum in Support of the Cross Motion for Summary Judgment, p. 7.
In response, the plaintiff argues that a careful reading of the complaint reveals a "rambling course of dealings between [Pedrazzo] and [Daley] which culminate in two paragraphs of allegations against [Daley]." Plaintiff's Memorandum in Support of the Motion for Summary Judgment p. 7. Pedrazzo "alleges in effect that the plaintiff removed Pedrazzo's property . . . and improperly disposed of it." Id.
The plaintiff's argument that these allegations assert claims unrelated to willful conversion is unpersuasive. Although the allegations in the underlying complaint are vague, each cause of action is founded on the alleged conversion of Pedrazzo's CT Page 12566 property by Daley. Since all of the claims in the Pedrazzo suit are premised on Daley's conversion and improper sale of Pedrazzo's property, there is no coverage under the insurance policy pursuant to the exclusions listed above.
Accordingly, the plaintiff's motion for summary judgment is denied, and the defendant's cross motion for summary judgment is granted.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE