[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 104)
On April 27, 2000, the plaintiffs, Frank and Beverly Tucci, filed a four count complaint in which they allege the following facts. On March 7, 1995, Frank Tucci suffered bodily injury when the vehicle he was operating was in a collision with a motor vehicle owned and operated by an underinsured motorist. At the time of the accident, the plaintiffs had uninsured/underinsured motorist coverage pursuant to an automobile insurance policy they had with the defendant, CGU Insurance Company. The plaintiffs followed the terms of their policy by exhausting the automobile liability insurance available through the underinsured motorist and by notifying the defendant of the accident. The plaintiffs allege that the defendant refused to pay them for the damages they claim they ate entitled to recover pursuant to the uninsured/underinsured provision of their policy. The plaintiffs also allege that at one time, their insurance policy with the defendant contained an arbitration clause, but that the policy that was in effect at the time of the accident did not contain an arbitration clause. The plaintiffs allege the defendant did not replace the arbitration clause with other options for resolving the disagreements.
In count one of the complaint, the plaintiffs allege that the defendant negligently and wilfully refused to pay their uninsured motorist claim or, in the alternative, refused to act in good faith to resolve their claim through arbitration. In count two, the plaintiffs assert that the defendant, by the conduct alleged in count one, breached its contractual and statutory duties to Frank Tucci in bad faith. In fount three, the plaintiffs allege that the defendant committed unfair trade practices in violation of the Connecticut Unfair Insurance Practice Act (CUIPA), General Statutes § 38a-815 et seq.[1] In count four, the plaintiffs allege the defendant violated the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110b.[2]
On June 21, 2000, the defendant filed a motion to strike counts two through four of the plaintiffs' complaint. With regard to count two, the defendant argues that the facts alleged therein are legally insufficient to support a bad faith claim. As to counts three and four the defendant argues that the plaintiffs have failed to allege facts sufficient to show that the defendant's conduct amounted to a "general business practice" under CUIPA and CUTPA. In their objection to defendant's motion to strike, plaintiffs assert the facts they alleged in counts two, three and four are sufficient to support the causes of action. CT Page 14370
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike . . ." Practice Book § 10-39(a); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). A motion to strike admits all facts well pleaded.Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). And the court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Eskin v. Castiglia, 253 Conn. 516,522-523, 753 A.2d 927 (2000). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
In count two, the plaintiffs allege that the defendant acted in bad faith by deleting the arbitration clause from their policy, and thus leaving them with no alternative procedures for dispute resolution. Essentially, the plaintiffs argue that the defendant's conduct in this regard constitutes a breach of the implied covenant of good faith and fair dealing. In this regard our Supreme Court has held that:
 The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. The concept of good faith and fair dealing is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693
(1988).
Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). Bad faith means more than mere negligence; it involves a dishonest purpose. Id.
According to General Statutes § 38a-336 (c), "[e]ach automobile liability insurance policy . . . which contains a provision for binding CT Page 14371 arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." The Connecticut Supreme Court has held that "[t]his provision . . . mates arbitration of insurance coverage issues compulsory." (Emphasis in original.) Bodner v.United Services Automobile Assn., 222 Conn. 480, 488, 610 A.2d 1212
(1992). On the other hand, if, as in this case,
 "the policy does not provide for any issues to be arbitrated (for example, many Insurers have removed arbitration altogether or made arbitration an option only if both parties agree in writing) then, of course, the statutory mandate is inapplicable." J. Berk M. C. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (2d Ed. 1999) § 7.3, p. 411.
Because the defendant amended its policies and deleted the arbitration clause, it had no contractual or statutory duty to arbitrate the plaintiffs' claim and, the plaintiffs' allegations do not rise to the level necessary to sustain a claim for bad faith.
If a pleading on its face is legally insufficient, a motion to strike is required. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). This is the situation in this present action. Consequently, the court is required to grant the defendant's motion to strike the second count of the complaint. Gurliacci, supra.
The defendant moves to strike counts three and four of the complaint, the plaintiffs' CUIPA and CUTPA claims, on the ground that the plaintiffs have not alleged facts to show the defendant committed unfair settlement practice "with such frequency as to indicate a general business practice." The plaintiffs argue that their claims are brought under subsections of CUIPA that do not require allegations that the defendant's conduct constituted a general business practice and that such a requirement only applies when a claim is made solely under § 38a-816 (6).[3]
With respect to CUIPA claims, the majority of Superior Court decisions on the issue hold that only causes of action brought under § 38a-816
(6) require a plaintiff to include allegations that the defendant's conduct constituted a "general business practice," and that actions brought under other sections of the statute do not require such allegations. Braca v. Cigna Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333159 (March 26, 1999, Melville,J.) (24 Conn.L.Rptr. 316, 317); Burnside v. Nationwide Mutual Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343068 (September 18, 1997, Melville, J.); DelMastro v. Hartford Life Accident Ins. Co., Superior Court, judicial district of Fairfield at CT Page 14372 Bridgeport, Docket No. 336201 (April 8, 1997, Melville, J.)
Nevertheless, "[t]his court has previously agreed with the majority of superior courts which hold that there is no private cause of action under CUIPA." Braca v. Cigna Ins. Co., supra, 24 Conn.L.Rptr. 316-17;Burnside v. Nationwide Mutual Ins. Co., supra, Superior Court, Docket No. 343068; DelMastro v. Hartford Life Accident Ins. Co., supra, Superior Court, Docket No. 336201. Because the plaintiffs assert only CUIPA violations in count three, the court must grant the motion to strike this count.
However, a private cause of action exists under CUTPA to enforce alleged CUIPA violations. Lees v. Middlesex Ins. Co., 219 Conn. 644,654, 594 A.2d 952 (1991). However, even a CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) requires proof that the claimed conduct has been committed or performed by the defendant with such frequency as to indicate a general business practice. Lees v. Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282
(1994). If, as is the case here, the facts alleged are insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a "general business practice", the plaintiffs' CUTPA claim cannot survive the failure of their CUIPA claim. Id., 851.
The plaintiffs, however, are not relying solely on § 38a-816 (6). They also rely on § 38a-816 (1), (2), (7) and (15). Judges of the Superior Court have held that if the language of a. subsection of §38a-816 does not require a plaintiff to prove that the defendant engaged in multiple acts, then single instances of misconduct will suffice to state a cause of action under that subsection. See Palmer v. AllstateIndemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.) (26 Conn.L.Rptr. 342) (holding that plaintiff bringing claim under § 38a-816
(15), need not allege more than a single act); Braca v. Cigna Ins. Co.,
supra, 24 Conn.L.Rptr. 316 (same); Holleran v. Nationwide Ins. Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340967 (September 5, 1997, Skolnick, J.) (holding that plaintiff bringing claim under § 38a-816 (1), need not allege more than a single act). Similarly, § 38a-816 (2) and (7) do not contain language requiring a showing of "general business practice." As a result, the plaintiffs are not required to allege that the defendant's acts constituted a "general business practice" under § 38a-816 (1), (2), (7) and (15)
Although the plaintiffs have asserted that the defendant violated § 38a-816 (1), (2), (7) and (15), they have not alleged any facts to support these claims. A motion to strike is properly granted if the CT Page 14373 complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). Because the plaintiffs have asserted mere conclusions of law unsupported by the facts alleged, the court must grant the motion to strike count four.
In conclusion, for the reasons herein expressed, the plaintiffs have not alleged facts which are legally sufficient to sustain claims of bad faith or violations of CUIPA or CUTPA. Accordingly, defendant's motion to strike counts two, three and four of the complaint is hereby granted.
MELVILLE, J.